UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CAMERON DIONNE MCDADE,            ) | |
|                                         Plaintiff,            ) | |
| v.            ) | No. 1:20-cv-03203-TWP-MPB |
| DENTAL SURGEON, et al.            ) | |
|                                         Defendants.            ) | |

**ENTRY SCREENING AMENDED COMPLAINT
AND DIRECTING SERVICE OF PROCESS**

Plaintiff Cameron McDade is a prisoner currently incarcerated at the Plainfield Correctional Facility. Because Mr. McDade is a "prisoner" as defined by 28 U.S.C. § 1915A(c), the Court has an obligation under § 1915A(a) to screen his amended complaint before service on the defendants.

**I. Screening Standard**

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the amended complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the amended complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal, the amended complaint:

> must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se pleadings such as that filed by Mr. McDade

are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (internal quotation omitted).

## II. The Amended Complaint

The Court identified in its original Screening Entry of December 17, 2020, that Mr. McDade had "stated a viable claim of deliberate indifference to a serious medical need" but had "not identified by name the individuals who participated in the alleged wrongdoing." Dkt. 5 at 2-3. Mr. McDade's amended complaint does name individual medical defendants at Plainfield Correctional Facility: (1) Dr. Gabriel Clemens, dentist; and (2) Connie McCurrey, dental assistant. Dkt. 16.

In his amended complaint, Mr. McDade alleges that Dr. Clemens performed a tooth extraction on him in October 2020. *Id.* at 2. During the extraction, he alleges that Dr. Clemens broke his tooth. *Id.* He states that he was told he would be "okay," but that if problems arose, he would be referred to the oral surgeon to remove the "broken root." *Id.* at 2-3.

On October 10, 2020, Mr. McDade alleges that he informed Connie McCurrey via a healthcare request form that his condition had worsened and that he needed pain medication. *Id.* at 3. He alleges that Ms. McCurrey neglected his complaint and ignored his risk of infection. *Id.* Later, Mr. McDade alleges Dr. Clemens told him he had developed an infection. *Id.* Mr. McDade states that Dr. Clemens and Ms. McCurrey refused to provide him with an x-ray and a referral to the oral surgeon. *Id.* He alleges he was told to "bare the pain for another week," and then he may be granted further medical assistance. *Id.* It is unclear from Mr. McDade's complaint whether he did receive any further medical assistance from the named defendants.

Mr. McDade seeks monetary damages from the defendants for pain and suffering and claims that his condition was ignored, and he was refused proper medical care. *Id.*

2

### III. Discussion

Mr. McDade's **Eighth Amendment deliberate indifference claims** against Dr. Clemens and Connie McCurrey **shall proceed** based upon his allegations that he was delayed or denied treatment for his broken tooth and suffered pain as a result of such delay or denial.

### IV. Conclusion and Service of Process

**The clerk is directed to terminate** the unnamed "dental surgeon" and "dental assistant" from the docket **and add as defendants Dr. Gabriel Clemens and Connie McCurrey**.

**The clerk is directed** pursuant to Fed. R. Civ. 4(c)(3) to issue process to the defendants in the manner specified by Fed. R. Civ. P. 4(d). Process shall consist of the amended complaint, dkt. [16], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

The defendants are identified as employees of Wexford of Indiana, LLC. **The clerk is directed to serve a copy of this Entry on Wexford electronically**. **Wexford is ORDERED** to provide the full name and last known home address of any of these defendants if they do not waive service and Wexford has such information. This information may be provided to the Court informally or may be filed *ex parte*.

**IT IS SO ORDERED.**

Date: 5/11/2021

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

CAMERON DIONNE MCDADE
989018
PLAINFIELD - CF
PLAINFIELD CORRECTIONAL FACILITY
Inmate Mail/Parcels
727 MOON ROAD
PLAINFIELD, IN 46168

Electronic service to Wexford of Indiana, LLC

Copies via U.S. Mail to Wexford Employees at Plainfield Correctional Facility:

Dr. Gabriel Clemens
Connie McCurrey

Plainfield Correctional Facility
727 Moon Road
Plainfield, IN 46168